Daniels, J.
The action was brought for an accounting of the rents and profits of the premises on the easterly line of Tenth avenue south of Forty-first street in the city of New York. They were owned in 1869 by James Garvey; he conveyed them to John Garvey, who' executed with James Garvey, an agreement on the 15th of December, 1869, by which James .Garvey covenanted that he would collect all the rents from the premises, defray neces *910 sary taxes, repairs and insurance out of the same, and. that he would grant, release and convey forever to Joseph. James Garvey, of Tomkinsville, a son of John Garvey, for the sum of one dollar, this lot of land, with the building erected thereon, and also, sums of money collected for rents or otherwise, from the premises, after deducting the-sum of $3,500, without interest, and the expense of repairs, taxes and insurance, from the date of the agreement, until the time when Joseph James Garvey should arrive at. the age of twenty-one years, which would be. on the 28th of October 1881.
It is alleged in the complaint that James Garvey collected the rents of the premises up to the 18th of October, 1877, when he died intestate, leaving him surviving Joseph Garvey, an infant, defendant with Margaret Garvey who after-wards intermarried with John Owens, his widow. Letters, of administration are alleged to have been issued upon the estate of James Garvey to his widow and Henry DeForrest Weeks, on the 18th of December, 1877, and on the 17th of the same month these letters were revoked as to the widow, and the other person named in them continued to act as administrator of the- estate. The complaint contains the further allegation that the widow of James Garvey and the New York Life Insurance and Trust Company, the guardian of the infant Joseph Garvey, entered into possession of the premises and since the death of James Garvey, had continued in such possession and collected the rent thereof, amounting to a large sum of money, exceeding the sums mentioned in the agreement. It is further averred that these rents had before the commencement of the action been demanded,, together with an accounting concerning the premises, and that the defendants, had neglected and refused to comply with this notice and demand. The defendants answered the complaint taking issue upon the material allegations contained in it.
Annexed to it is a copy of the agreement in which the trustees covenanted to convey the premises to Joseph James Garvey, the plaintiff, with all sums of money collected for rents otherwise after deducting the $8,500, the expenses for repairs, taxes and insurance. These allegations presented a cause of action against, the defendants. By the agreement the plaintiff was entitled to, not only the property itself, but also to its rents, issues and profits after providing for the sums of money to be first defrayed thereby, which it was alleged in the complaint had been paid and satisfied by the premises yielding larger sums of money than were required for that purpose.
The ground on which the complaint was dismissed does, not clearly appear. But it was probably owing to the cir *911 cumstances, appearing by a complaint and a copy of an interlocutory judgment annexed to and forming a part of it, of the pendency of that other action.
In that action it had been adjudged that the plaintiff was entitled to a re-conveyance of this property as that had been covenanted for in the agreement between John and James Garvey, and the question of an accounting and of the costs of the action was reserved for further directions.
No application seems to have been made for such directions, which would have been the more regular course to pursue, than bringing an independent action. That could readily have been made and an accounting served by proceeding under this judgment, and if necessary, bringing in the trust company as a party to the action. And if the objection was still available, as this was the course to be followed by the plaintiff, instead of instituting a new suit, it would be not only a just but a regular disposition to make of this action to dismiss it. But this objection has been waived by the defendants.
It appeared on the face of the complaint, and from the interlocutory judgment in the other suit forming a part of it. And- where the pendency of another action may be made to appear in that manner then, by section 488 of the Code of Civil Procedure, it is a ground for a demurrer. And it must be taken in that manner, if it is to be insisted upon by the defendants, for by section 498 of this Code, the objection has only been permitted to be taken by answer when it does not appear on the face of the complaint. This objection did so appear, and it consequently presented ground only for a demurrer, and not having been taken by a demurrer, by section 499, it was waived and the defendants could not afterwards insist upon its allowance as a defense or answer to the plaintiff ’s action.
The complaint was irregularly dismissed, and the judgment should be reversed and a new trial ordered, with costs to the plaintiff to abide the result.
Van Brunt. P. J.. and Brady, J,, concur.